**Turner, O'Mara, Donnelly & Petrycki, P.C.**
2201 Route 38, Suite 300
Cherry Hill, NJ 08002
Telephone No. (856) 667-2600
Attorneys for Defendant Target Corporation

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RHONDA PELLEGRINO AND ANTHONY PELLEGRINO, her husband<br><br>    Plaintiffs,<br><br>vs.<br><br>TARGET CORPORATION; JANE DOES 1-5 AND ABC CORPORATIONS 1-5,<br><br>    Defendants | Case Number:<br><br>**NOTICE OF REMOVAL** |

### Statement of the Case

1.      Plaintiff, Rhonda Pellegrino, is a natural person and resident of the State of New Jersey.  (See **Exhibit A** – Complaint).

2.      Plaintiff, Anthony Pellegrino, husband of Rhonda Pellegrino, is also a resident of the State of New Jersey based upon investigation into his legal residence.

3.      Defendant, Target Corporation, is a citizen of the State of Minnesota with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55402.

4.      On August 26, 2020, plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Ocean County, styled Pellegrino v. Target Corporation, *et al.*, Docket No. OCN-L-001983-20 (the "State Court Action"). (See **Exhibit A**)

5. Defendant, Target Corporation, was served with the Summons and Complaint on August 28, 2020. (See **Exhibit B**).

6. The Complaint purports to assert a cause of action in negligence against defendant, Target Corporation, when the plaintiff sustained bodily injuries due to an undisclosed dangerous condition at 1331 Hooper Avenue, Toms River, New Jersey on or about September 6, 2018. (See **Exhibit A**).

7. The relief plaintiff seeks include, *inter alia*, compensatory damages for the injuries sustained.

### Diversity Jurisdiction Under 28 U.S.C. § 1332(a)

8. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between plaintiffs and defendant, Target Corporation, and more than seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, is at stake.

9. In the Complaint, plaintiff, Rhonda Pellegrino, states that she is a resident of the State of New Jersey. Upon further investigation and upon information and belief, Ms. Pellegrino resides in Ocean County, New Jersey.

10. In the Complaint, plaintiff, Anthony Pellegrino, states that he is the husband of Rhonda Pellegrino. Upon further investigation and upon information and belief, Mr. Pellegrino is also a resident of Ocean County, New Jersey.

11. Defendant Target Corporation is not a citizen of New Jersey, as it is a Minnesota corporation with its principal place of business in Minnesota. Therefore, Defendant is a citizen of the State of Minnesota and there is complete diversity between plaintiffs and Target Corporation.

12. Plaintiff alleges in the Complaint that she sustained serious personal injuries as the result of the accident and was caused to endure great physical pain and anguish, and became financially liable for expenses for past, present, and future medical and hospital care and treatment. (See **Exhibit A**). Specifically, plaintiff's counsel provided various medical documents pre-suit indicating that Ms. Pellegrino sustained injuries to her left leg including a diagnosis of a grade 3 hamstring muscle avulsion injury. An MRI revealed a grade 3 tear of the hamstring at its insertion on the ischial tuberosity. She has undergone physical therapy and chiropractic treatment. In addition, there have been recommendations for an epidural steroid injection and spinal stimulation. Plaintiff's counsel has further advised that there is a medical lien in excess of $15,000. Thus, it is reasonably believed that there is over seventy-five thousand dollars ($75,000.00) in controversy and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

## All Procedural Requirements for Removal Have Been Satisfied

13. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 5.1(e), a true and correct copy of all of the process, pleadings, orders, and documents from the State Court Action which have been served upon defendant Target Corporation are being filed with this Notice of Removal.

14. This Notice of Removal has been filed within 30 days of the date that defendant Target Corporation was served with the Summons and Complaint in this matter. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

15. As Target Corporation is the sole named defendant, all defendants have consented to removal.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446 (a) because the United States District Court for the District of New Jersey is the federal judicial district

embracing the Superior Court of New Jersey, Law Division, Ocean County, where the State Court Action was active.

## Conclusion

By this Notice of Removal, defendant Target Corporation does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Defendant Target Corporation intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

Dated: September 23, 2020

*John V. Petrycki, Jr.*

John V. Petrycki, Jr., Esquire
**Turner, O'Mara, Donnelly & Petrycki, P.C.**
2201 Route 38, Suite 300
Cherry Hill, NJ 08002
Phone: (856) 667-2600
Fax: (856) 667-8787
*jpetrycki@turneromara.com*
Attorneys for Defendant Target Corporation

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing NOTICE OF REMOVAL, with exhibits, was sent to Timothy J. Foley, Esquire, attorney for plaintiff, via email at *tfoley@appealsnj.com* and facsimile on September 23, 2020.

*John V. Petrycki, Jr.*
John V. Petrycki, Jr., Esquire