# EXHIBIT A

Timothy J. Foley, Esq. (Bar #042741990)
**FOLEY & FOLEY**
19 Spear Road, Suite 202
Ramsey, New Jersey 07446
Phone (973) 304-6003
tfoley@appealsnj.com
Counsel for Plaintiff, Rhonda Pellegrino

| | |
|---|---|
| RHONDA PELLEGRINO, and ANTHONY PELLEGRINO, her husband,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION, JANE DOES 1-5 AND ABC CORPORATIONS 1-5,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: OCEAN COUNTY<br><br>DOCKET NO. OCN-L-001983-20<br><br>CIVIL ACTION<br><br>**SUMMONS** |

**FROM THE STATE OF NEW JERSEY, TO THE ABOVE-NAMED DEFENDANT(S):**

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to the plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.
    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.
    If you cannot afford an attorney, you may call the Legal Services Office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: August 26, 2020

                                                 *Michelle M. Smith, Esq.*
                                                 Clerk, Superior Court of New Jersey

Name of defendant(s) to be served:       **Target Corporation**
Address of defendant(s) to be served:     **The Corporation Trust Co.**
                                                **820 Bear Tavern Road, West Trenton, NJ 08628**

## *LAWYER REFERRAL SERVICES*

| County | Service |
|---|---|
| Atlantic County | Lawyer Referral Service (609) 345-3444 |
| Bergen County | Lawyer Referral Service (201) 488-0044 |
| Burlington County | Lawyer Referral Service (609) 261-4862 |
| Camden County | Lawyer Referral Service (609) 964-4520 |
| Cape May County | Cape May County Bar Association (609) 463-0313 |
| Cumberland County | Lawyer Referral Service (609) 692-6207 |
| Essex County | Lawyer Referral Service (201) 622-6207 |
| Gloucester County | Lawyer Referral Service (609) 848-4589 |
| Hudson County | Lawyer Referral Service (201) 798-2727 |
| Hunterdon County | Hunterdon County Bar Association (908) 735-2611 |
| Mercer County | Mercer County Bar Association (609) 890-6200 |
| Middlesex County | Middlesex County Bar Association (908) 828-0053 |
| Monmouth County | Monmouth County Bar Association (908) 431-5544 |
| Morris County | Morris County Bar Association (201) 267-5882 |
| Ocean County | Ocean County Bar Association (908) 240-3666 |
| Passaic County | Lawyer Referral Service (201) 278-9223 |
| Salem County | Lawyer Referral Service (609) 678-8363 |
| Somerset County | Lawyer Referral Service (908) 685-2323 |
| Sussex County | Sussex County Bar Association (201) 267-5882 |
| Union County | Lawyer Referral Service (908) 353-4715 |
| Warren County | Warren County Bar Association (908) 689-7722 |

## *LEGAL SERVICES OFFICES*

| County | Phone |
|---|---|
| Atlantic County | (609) 348-4200 |
| Bergen County | (201) 487-2166 |
| Burlington County | (609) 964-8251 (See Camden County) |
| Camden County | (609) 964-8251 (including Gloucester, Salem, Cumberland and Burlington Counties) |
| Cape May County | (609) 465-3001 |
| Cumberland County | (609) 825-6090 |
| Essex County | (201) 624-4500 |
| Gloucester County | (609) 964-8251 (See Camden County) |
| Hudson County | (201) 792-6363 |
| Hunterdon County | (908) 782-7979 |
| Mercer County | (609) 695-6249 |
| Middlesex County | (908) 249-7600 |
| Monmouth County | (908) 747-7400 |
| Morris County | (201) 285-6911 (Eastern); (201) 361-9386 (Western) |
| Ocean County | (908) 341-2727 |
| Passaic County | (201) 345-7171 |
| Salem County | (609) 964-8251 (See Camden County) |
| Somerset County | (908) 231-0840 |
| Sussex County | (201) 383-7400 |
| Union County | (908) 354-4340 |
| Warren County | (908) 475-2010 |

Timothy J. Foley, Esq. (Bar #042741990)
**FOLEY & FOLEY**
19 Spear Road, Suite 202
Ramsey, New Jersey 07446
Phone (973) 304-6003
tfoley@appealsnj.com
Counsel for Plaintiff, Rhonda Pellegrino

| | |
|---|---|
| RHONDA PELLEGRINO and ANTHONY PELLEGRINO, her husband,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION, JANE DOES 1-5 AND ABC CORPORATIONS 1-5,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: OCEAN COUNTY<br><br>DOCKET NO. OCN-L-<br><br>CIVIL ACTION<br><br>**COMPLAINT, JURY DEMAND, REQUEST FOR INSURANCE IDENTIFICATION, DOCUMENT DEMAND & DESIGNATION OF TRIAL COUNSEL** |

Plaintiff, Rhonda Pellegrino, of full age, by way of complaint against defendants says:

### FIRST COUNT

1. On September 6, 2018, plaintiff Rhonda Pellegrino was a natural person and resident of the State of New Jersey.

2. At all times relevant to this Complaint, defendant Target Corporation (Target), was a Minnesota domestic profit corporation doing business in the State of New Jersey.

3. At all times relevant to this Complaint, Target owned, operated, leased, managed, maintained, controlled, possessed and/or rented commercial space at 1331 Hooper Avenue, Toms River, Ocean County, New Jersey.

6. On information and belief, Jane Does 1-5 are persons that are currently unknown but may be the employees or related entities of defendant Target. Each of defendants Jane Does 1-5

1

(hereafter "Jane Doe") was an agent, officer, sponsor, director, servant and/or employee of Target. Plaintiff will amend the complaint after discovery to identify specific persons as appropriate and permitted under the Rules of Court.

7. On information and belief, ABC Corporations 1-5 are legal entities that are currently unknown but may be the owners or related entities of defendant Target. Each of defendants ABC Corporations 1-5 (hereafter "ABC Corps.") was an agent, officer, sponsor, director, servant and/or employee of Target. Plaintiff will amend the complaint after discovery to identify specific entities as appropriate and permitted under the Rules of Court.

8. At all times relevant to this Complaint, each and every act attributed to Target and its agents, officers, sponsors, directors, servants and/or employees, including defendants Jane Does 1-5 and ABC Corps. 1-5, was conducted in the scope and course of Target's business.

9. At all times relevant to this Complaint, plaintiff Rhonda Pellegrino was lawfully present as a business invitee on the Target property and as such was owed a duty of due care by Target, its agents, officers, sponsors, directors, servants, and/or employees.

10. At all times relevant to this Complaint, defendants Target, Jane Does 1-5, ABC Corps. 1-5 and their agents, officers, sponsors, directors, servants, and/or employees, were under a duty fully and properly to operate, to control, to supervise, to manage, to construct, to repair and/or to maintain the premises, personnel and structures appurtenant to the premises in a safe condition such as would be reasonably safe

2

for persons lawfully entering on or using the premises.

11.  At all times relevant to this Complaint, defendant Target, Jane Does 1-5, ABC Corps. 1-5 and their agents, officers, sponsors, directors, servants, and/or employees, failed, refused, and/or neglected to perform their duties to provide reasonable and adequate service, care, supervision, management, maintenance and safety.

12.  Defendants Target, Jane Does 1-5, ABC Corps. 1-5 and their agents, officers, sponsors, directors, servants, and/or employees, acted negligently and carelessly, which negligence caused injury to plaintiff Rhonda Pellegrino.

13.  Plaintiff Rhonda Pellegrino's injuries were caused by the negligence and carelessness of defendants and each of them, individually and/or jointly, and all of the alleged acts, omissions and occurrences herein described or performed by said defendants and their agents, officers, sponsors, directors, servants, and/or employees fell within the course and scope of their agency and employment with the defendants and were in furtherance of defendants' business.

14.  On or about September 6, 2018, while plaintiff Rhonda Pellegrino was lawfully present as a business invitee at the Target property, she sustained serious bodily injuries due to an undisclosed dangerous condition of the premises of defendants.

15.  The negligence of defendants Target, Jane Does 1-5 and ABC Corps. 1-5, and its agents, officers, sponsors, directors, servants, and/or employees, included, but was not limited, to the following:

3

a. Failure properly to supervise, to train, and/or to develop appropriate procedures for the conduct of services on or about defendants' business in a safe and reasonable fashion so to protect the business invitees and others on the premises from injury;

b. Failure to protect plaintiff Rhonda Pellegrino from neglect;

c. Failure to ensure compliance with appropriate practices and procedures for the safe conduct of services on or about defendants' business for the benefit of defendants' business invitees, including plaintiff Rhonda Pellegrino;

d. Failure to operate the business in compliance with federal and local laws, and professional standards, and in a manner that enables patrons to use their resources safely;

e. Failure to provide a qualified designated person to oversee the overall supervision of staff and routine operations;

f. Failure to ensure that the business complied with all relevant New Jersey Statutes, New Jersey Administrative Regulations, and rules enacted pursuant to those statutes;

g. Failure properly to train employees to recognize and to respond appropriately to traffic, patrons and reasonably anticipated circumstances at the business.

16. As a direct and proximate result of the aforesaid

4

negligence of defendants, and its agents, officers, sponsors, directors, servants, and/or employees, plaintiff, Rhonda Pellegrino, was caused to sustain serious personal injuries, endure great physical pain and anguish, and became financially liable for expenses for past, present and future medical and hospital care and treatment.

WHEREFORE, plaintiff Rhonda Pellegrino, demands judgment on this Count against defendants, Target Corporation, Jane Does 1-5 and ABC Corps. 1-5, and their agents, officers, sponsors, directors, servants, and/or employees, jointly, severally and alternatively, for compensatory damages, with interest, attorney's fees and costs of suit along with such further relief that the Court deems equitable and just.

### SECOND COUNT

17. Plaintiffs repeat and reallege each and every allegation of the First Count as if fully set forth herein at length.

18. At all relevant times, defendant Target was responsible for hiring competent agents, officers, sponsors, directors, servants, employees and/or other personnel necessary to train, to service, to supervise, to manage, to maintain and to control the staff at its business.

19. The agents, officers, sponsors, directors, servants, and employees at defendant Target, including defendants Jane Does 1-5, failed to exercise due care in overseeing, training, servicing, supervising, managing, maintaining and controlling the staff at its business.

20. Defendant Target is liable for the negligence,

5

carelessness and recklessness of their officers, sponsors, directors, servants, and employees under the Doctrine of Respondeat Superior.

21. As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of defendant Target, plaintiff Rhonda Pellegrino sustained serious personal injuries, was forced to endure great physical pain and anguish, and became financially liable for expenses for past, present and future medical and hospital care and treatment.

WHEREFORE, plaintiff Rhonda Pellegrino, demands judgment on this Count against defendant Target Corporation for compensatory damages, with interest, attorney's fees and costs of suit along with such further relief that the Court deems equitable and just.

### SECOND COUNT

22. Plaintiffs repeat and reallege each and every allegation of the First and Second Count as if fully set forth herein at length.

23. At all times relevant to this matter, plaintiff Anthony Pellegrino was lawfully married to plaintiff Rhonda Pellegrino.

24. As a direct and proximate cause of the aforementioned injuries and damages sustained by plaintiff Rhonda Pellegrino, plaintiff Anthony Pellegrino has been deprived of the services, society, companionship and consortium of plaintiff Rhonda Pellegrino.

WHEREFORE, plaintiff Anthony Pellegrino demands judgment

against defendants, Target Corporation, Jane Does 1-5 and ABC Corps. 1-5, and their agents, officers, sponsors, directors, servants, and/or employees, jointly, severally and alternatively, for compensatory damages, with interest, attorney's fees and costs of suit along with such further relief that the Court deems equitable and just.

**FOLEY & FOLEY**
Counsel for Plaintiff

BY: <u>/s Tim Foley</u>
Timothy J. Foley
(Bar #042741990)
tfoley@appealsnj.com

Date: August 26, 2020

### JURY DEMAND

Pursuant to <u>Rule</u> 4:35-1, Plaintiff demands a trial by jury as to all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to <u>Rule</u> 4:25-4, defendants hereby designate Timothy J. Foley, Esq. as trial counsel in the within matter.

### NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4

PLEASE TAKE NOTICE that the undersigned attorney does hereby demand, pursuant to the above-cited Rule of Court, that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories, and all documents, papers and other material referenced therein, received from any party, on

7

the undersigned attorney and TAKE NOTICE that this is a CONTINUING demand.

### CERTIFICATIONS

I HEREBY CERTIFY in accordance with Rule 4:5-1 that to the best of my knowledge, information, and belief that the matter in controversy is not the subject of any pending court action or arbitration proceeding. I further certify that plaintiff contemplates no other court action or arbitration proceeding. Plaintiff knows of no other person who should be joined as a party to this action.

I HEREBY CERTIFY in accordance with Rule 1:38-7(b) that confidential personal identifiers, if any, have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future.

### DEMAND FOR ENTRY ON PREMISES FOR INSPECTION

PLEASE TAKE NOTICE that plaintiff demands an opportunity to enter upon the premises of the defendants at 1331 Hooper Avenue, Toms River, New Jersey, to inspect, photograph, and otherwise examine the premises, and other things relevant to this litigation, in accordance with Rule 4:18-1.

### DEMAND FOR INSURANCE INFORMATION

Pursuant to Rule 4:10-2(b), plaintiffs hereby demand production of a copy of any and all insurance agreements under which defendants may be covered to satisfy part or all of a

8

judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any and all general liability policies, excess liability policies, personal liability policies, umbrella liability policies or catastrophic liability policies either owned by you, a resident relative of your household or provided to you through any business association or employment.

## DEMAND FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that pursuant to Rule 4:18-1, plaintiff demands the production for purposes of inspection and copying at the offices of Foley & Foley, 19 Spear Road, Suite 202, Ramsey, New Jersey 07446, within 45 days after service of the within pleadings, of the following items pertaining to the allegations of this Complaint:

1.  A copy of any accident report(s), incident report(s) or other documentation prepared by any agents, servants or employees of the defendants contemporaneously with the occurrence that is the subject matter of this Complaint.

2.  Copies of any and all videos, photographs, sketches, diagrams, blueprints or any other documentary evidence concerning the layout and/or condition of the business where the injury occurred, as it appeared on September 6, 2018.

3.  Copies of any and all statements of any party to this lawsuit or their agents, servants and employees.

4.  Copies of any statements by eyewitnesses to the occurrence giving rise to plaintiff's claim.

5. Copies of any and all expert reports on the issue of liability or damages.

6. Copies of any and all applications and supporting documentation submitted by defendants to the State of New Jersey and/or local governing body for the purpose of securing a license to operate a business.

7. Copies of any and all applications and supporting documentation submitted by the defendants to the State of New Jersey and/or local governing body for purposes of securing a Certificate of Occupancy.

8. Copies of any and all documentation received by the defendants pertaining to the award, denial, suspension, revocation, or renewal of any license issued to defendant Target for operation of a business at 1331 Hooper Avenue, Toms River, New Jersey, by the State of New Jersey and/or local governing body.

9. Copies of any and all policies, rules, and regulations related to the supervision, training, direction and control of staff at the defendant's business.

10. Copies of any and all records, files, and other documents maintained by defendants that pertain to plaintiff, Rhonda Pellegrino.

11. Copies of any and all orientation materials defendant business provided to newly hired staff members at the time of the occurrence.

12. The names, addresses, and current telephone numbers of all agents, servants and employees of the defendants who were

present at the defendant's business at the time of the occurrence in question.

13. Duplicate copies of any and all photographs, videos, recordings, or other documentary evidence of the plaintiff's occurrence, or pertaining to the investigation of this occurrence, secured since September 6, 2018, including, but not limited to, security video surveillance videotapes depicting the subject business on September 6, 2018.

14. Copies of any and all documentation related to any other incidents whereby a person at the defendants' business incurred injury due to a condition of the property interior.

15. Copies of any and all documentation related to any and all complaints made by patrons and/or their guardians with respect to negligent supervision by defendants and/or their agents and employees.

16. Copies of any and all documentation received in response to any discovery demands served on any other parties to this cause of action, as well as in response to any subpoenas served on any non-party individuals or entities.

17. Copies of any and all documentation related to any inspections of the defendant's premises by any local, state or federal authority during the five years prior to the occurrence in question.

18. Copies of any and all procedures, manuals, documentation and information obtained and/or relied on by defendants with respect to defendant Target's hiring of employees.

19. Notes, reports, emails, text messages, writings, letters, memoranda and drafts of same relating to the subject matter of the Complaint.

20. Corporate records for defendant identifying ownership, partnership, association or affiliation for the years 2015 to the present.

21. A copy of any accident report, incident report or other documentation prepared by any agents, servants or employees of the defendants contemporaneously with the occurrence that is the subject matter of this complaint.

22. A copy of the deed, lease agreement and any other contract relating to the occupancy of the premises.

If any request for documents is deemed to call for the production of privileged or work product materials and such privilege or work product is asserted, provide the following information:

(a) the reason for withholding the document;

(b) a statement of the basis for the claim of privilege, work product or other ground of non-disclosure;

(c) a brief description of the document including:

    (i) the date of the document;

    (ii) the number of pages, attachments and appendices;

    (iii) identify the author, authors or preparers of the document and state his or her affiliation with you;

    (iv) identify each person and/or entity to whom the

12

    document was sent, shown, circulated and/or copied, and/or identify each person and/or entity that, at any time, had access to or custody of the document;

  (v) identify the present custodian of the document; and

  (vi) describe the subject matter of the document.

If any document requested herein was at one time in existence, but has since been lost, discarded or destroyed, describe the document (including its length, subject matter, author(s), addressee(s), recipient(s)), as well as the circumstances under which it was lost, discarded or destroyed.

Each request is a continuing request through the time of trial.

### DEMAND FOR ANSWERS TO FORM C AND FORM C(2) UNIFORM INTERROGATORIES AND SUPPLEMENTAL INTERROGATORIES

PLEASE TAKE NOTICE that pursuant to Rule 4:17-1(b)(ii) plaintiff(s) demands certified answers to Form C, and C(2), Uniform Interrogatories set forth in the Appendix to the Rules Governing Civil Practice and the following supplemental interrogatories:

S1. State each and every act or action taken by you or by any agent or employee of defendants that was related in any way to the alleged occurrence, including, but not limited to: any attempts made by defendants, or any agent or employee of defendants, to avoid the alleged occurrence; any action taken by you or by any agent or employee of defendants that caused or

13

contributed to the alleged occurrence; anything you or any agent or employee of defendants saw plaintiff do up to and including the alleged occurrence, as well as after the alleged occurrence; and any action taken by you or by any agent or employee of defendants that occurred after the occurrence, including rendering medical care to plaintiff.

S2. In the past five years, have defendants, and/or defendants' agents and employees ever received notice or a complaint from plaintiff, other patrons of the subject premises, or anyone else with regard to any portion of the subject premises being dangerous or hazardous and/or in need of correction? If so, state: the name and address of each and every person who has put defendants on notice or made such complaint; when the notice/complaint was given to defendants; what was noticed/complained of; whether or not it was repaired/corrected by defendants and/or their agents or employees; when and who made the repair/correction; what exactly was repaired/corrected; if no repair/correction was made, state the reason why the repair/correction was not done; whether the business invitees of the premises were notified of the condition between the time notice was given and the time the repair/correction was made; if notice of the condition was given, state how notice was given and by whom; and if any of the above was reduced to writing, annex hereto a copy thereof.

S3. State whether any other falls involving business invitees have occurred on the subject premises. If so, state: when the occurrence occurred; where the occurrence occurred;

14

what occurred; the name and address and phone number of the injured person(s); what caused the occurrence; whether the occurrence was reported to the police; and annex hereto any documentation relating to any such occurrence.

S4. State any and all instances whereby complaints were made to defendants from patrons, or anyone else, with respect to negligent supervision of the staff at the business; state the date of each complaint; the nature of each complaint; the action taken in response to each complaint; and attach any and all documentation related to each such complaint.

S5. State the name and address of all staff and/or employees in the business at the time of the subject occurrence.

S6. If you dispute the necessity of any medical care provided to plaintiff, or the charges for that medical care, set forth all facts relevant to the disputed contention.

S7. Enumerate specifically all of the things you contend the party serving these interrogatories did that should not have been done, as well as enumerate specifically all of the things you contend the party serving these interrogatories did not do that should have been done.

S8. If this Defendant contends in any way that the injuries claimed by plaintiff to have been caused by this incident were in fact not caused or in any way related to this incident, state fully and in detail each and every fact on which defendant will rely in support of said contention. Annex hereto copies of any and all medical records or other documents on which defendant will rely in support of said contention.

```
                                    FOLEY & FOLEY
                                    Counsel for Plaintiff

                                BY:  s/ Tim Foley
                                     Timothy J. Foley
                                     (Bar #042741990)
                                     tfoley@appealsnj.com

Date: August 26, 2020
```

# Civil Case Information Statement

**Case Details: OCEAN | Civil Part Docket# L-001983-20**

Case Caption: PELLEGRINO RHONDA VS TARGET CORPORATION
Case Initiation Date: 08/26/2020
Attorney Name: TIMOTHY JOSEPH FOLEY
Firm Name: FOLEY & FOLEY
Address: 19 SPEAR ROAD, STE. 202 RAMSEY NJ 07446
Phone: 9733046003
Name of Party: PLAINTIFF : PELLEGRINO, RHONDA
Name of Defendant's Primary Insurance Company (if known): Unknown

Case Type: PERSONAL INJURY
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

Are sexual abuse claims alleged by: RHONDA PELLEGRINO? NO

Are sexual abuse claims alleged by: ANTHONY PELLEGRINO? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/26/2020                                    /s/ TIMOTHY JOSEPH FOLEY
Dated                                                            Signed